**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| JUAN CARLOS BEDOLLA and | ) | Case No. 11-29124 |
| LOURDES LOPEZ, | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL**
(Local Rule 5082-1(A))

| | |
|---|---|
| Name of Applicant: | Figliulo & Silverman, P.C. |
| Authorized to Provide Professional Services to: | Michael K. Desmond, not individually but as Chapter 7 Trustee for the Estate of Juan Carlos Bedolla and Lourdes Lopez |
| Date of Order Authorizing Employment: | January 8, 2015 [Dkt. 31] |
| Period of Which Compensation is Sought: | November 4, 2014 through May 26, 2017 (allowance and payment) |
| Amount of Fees Sought: | $21,750.00 |
| Amount of Expenses Sought: | $92.84 |
| This is a(n):    Interim Application: ___ | Final Application:   X |

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| None | | | | |

Dated: July 7, 2017                        Respectfully submitted,

                                                        **FIGLIULO & SILVERMAN, P.C.**

                                                        By: /s/ Michael K. Desmond

Michael K. Desmond (IL #6208809)
Lindsey L. Purdy (IA #AT0011959)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street, Suite 3600
Chicago, Illinois 60603
(312) 251-4600

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| JUAN CARLOS BEDOLLA and | ) | Case No. 11-29124 |
| LOURDES LOPEZ, | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtors. | ) | |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF**
<u>**FIGLIULO & SILVERMAN, P.C., AS TRUSTEE'S COUNSEL**</u>

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Michael K. Desmond, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate ( the "Estate") of Juan Carlos Bedolla and Lourdes Lopez (the "Debtors"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying its first and final application for an award of compensation and reimbursement of expenses in the above-captioned case (the "Application").

In its Application, F&S requests allowance and payment of final compensation of $21,750.00 for 74.6 hours of legal services rendered to the Trustee during the period November 4, 2014 through May 26, 2017 (the "Application Period"). In support of its Application, F&S states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## INTRODUCTION

4. On July 15, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

5. Michael K. Desmond is the duly appointed and qualified Chapter 7 Trustee ("Trustee").

6. On September 9 2011, the Trustee conducted a meeting of creditors in this case pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting").

7. On September 9, 2011, based on the Debtors' schedules and testimony at the 341 Meeting, the Trustee filed a report of no distribution stating that after a diligent inquiry into the financial affairs of the Debtors and the location of the property belonging to the Estate, the Trustee found no property available for distribution from the Estate.

8. On October 18, 2011, the Debtors were granted a discharge under 727 of the Bankruptcy Code, and the above-captioned case was closed on October 21, 2011.

## BACKGROUND

9. Subsequent to the closure of the Debtor's Chapter 7 case, the Trustee learned that Mr. Bedolla was the plaintiff in a lawsuit commenced after the Petition Date, captioned *Juan Bedolla v. Suburban Orthopedics, Ltd., et al*, case no. 2012-L-64013, pending in the Circuit Court of Cook County, Illinois, Law Division (the "Lawsuit").

2

10. The Lawsuit arose out of a medical malpractice claim for injuries suffered by Mr. Bedolla in 2010, prior to his bankruptcy filing, in connection with treatment for a workplace related injury (the "Claim").

11. The Claim was unscheduled and therefore was neither abandoned when the Debtors' Chapter 7 case was closed nor did the Claim revert back to the Debtors.

12. On November 14, 2014, upon Motion by the Trustee, the Court entered an order re-opening the Debtors' Chapter 7 bankruptcy case to allow the Trustee to administer an undisclosed asset for the benefit of the Debtor's creditors. On November 4, 2014, the United States Trustee reappointed Michael K. Desmond as Chapter 7 Trustee of the Debtor's bankruptcy estate.

13. On December 17, 2014, the Trustee filed his application for authority to retain Thomas F. Boleky and the law firm of Beutel Hurst Boleky LLC (collectively, "Boleky") to perform legal services as his special counsel in connection with the Lawsuit. [Dkt. No. 26]. On January 8, 2015, the Court entered an order authorizing the employment of Boleky as special counsel to the Trustee under the terms of an existing contingent fee agreement dated September 12, 2013. [Dkt. No. 30]. On July 1, 2016, the Trustee, the Debtor, individually, and the various defendants entered into an agreement resolving the Lawsuit, the terms of which are more particularly described in the Release Agreement (the "Settlement Agreement"). On August 11, 2016, the Court approved the Settlement Agreement. [Dkt. No. 55]. Pursuant to the terms of the Settlement Agreement, defendants paid the Estate a total of $640,000.00 in full satisfaction of any and all claims.

14. On December 22, 2014, the Trustee filed a motion with this Court seeking to retain F&S as counsel to represent the Trustee in this bankruptcy case. On January 8, 2015, the Court entered the *Order Granting Trustee's Application for Authority to Employ Counsel* [Dkt. 31] retroactive to November 4, 2014, on the terms and conditions set forth in the motion. A true and correct copy of the Court's January 8, 2015 order is attached hereto as **Exhibit A**.

15. As set forth in the application, F&S is entitled to receive compensation on an hourly basis, which, as set forth in the application, are F&S's standard and customary hourly rates for work of this nature. Additionally, as set forth in the application, F&S is entitled to recover all expenses incurred in connection with its representation of the Trustee, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges. F&S's expenses will be reimbursed by the Debtor's bankruptcy estate out of the general funds of the estate subject to approval of this Court.

## LEGAL SERVICES PERFORMED BY F&S

16. Legal services performed by F&S consisted primarily of researching and managing litigation pertaining to an undisclosed medical malpractice lawsuit filed by the Debtor. F&S oversaw the medical malpractice litigation, worked with special counsel to negotiate settlement on behalf of the Trustee, and managed issues related to this surplus estate. F&S filed a motion to employ special counsel, researched and litigated issues of undisclosed assets and violations of the automatic stay, filed a motion to approve settlement, and managed issues relating to the surplus Estate. By this Application, F&S seeks allowance and payment of final compensation of $21,750.00 for 74.6 hours of legal services rendered to the Trustee during the Application Period.

4

17. In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

18. Pursuant to Local Rule 5082-1(C), F&S has attached hereto as **Exhibit B** its detailed time records setting forth the date the work was performed, the attorney performing the work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

19. Accordingly, pursuant to Local Rule 5082-1(B)(2), F&S seeks the allowance and payment of compensation of $21,750.00 for the legal services rendered to the Trustee during the Application Period.

## NARRATIVE SUMMARY

*(LOCAL RULE 5082-1(B))*

20. Local Rule 5082-1(B)(1)(a) – During the Application Period, F&S performed a variety of services on the Trustee's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
|---|---|---|
| Retention of Professionals | 13.6 | $3,837.50 |
| Motion to Reopen Bankruptcy Case | 3.3 | $1,237.50 |
| Violations of Automatic Stay and Judicial Estoppel | 16.3 | $4,862.50 |
| State Court Complaint | 16.2 | $4,262.60 |
| Motion for Allowance of Administrative Claim | 10.2 | $2,887.50 |
| Late Filed Claims and Surplus Estate | 5.3 | $1,337.50 |

| | | |
|---|---|---|
| Motion to Approve Settlement | 6.0 | $2,212.50 |
| Application for Compensation | 3.7 | $1,112.50 |
| Total | 74.6 | $21,750.00 |

21. <u>Local Rule 5082-1(B)(1)(b)</u> – Narrative summaries of F&S's principal activities follow, including details as to individual tasks performed within each activity:

(a) <u>Retention of Professionals</u> - The services under this task primarily consisted of drafting and filing motions to employ special counsel and bankruptcy counsel. In connection with these services, F&S expended 13.6 hours and incurred $3,837.50 in fees during the Application Period.

(b) <u>Motion to Reopen Bankruptcy Case</u> - The services under this task consisted of filing a motion to reopen the bankruptcy case and conferencing with counsel for the Debtor and the medical malpractice defendants. In connection with these services, F&S expended 3.3 hours and incurred $1,237.50 in fees during the Application Period.

(c) <u>Violations of Automatic Stay and Judicial Estoppel</u> – As the medical malpractice suit was an undisclosed asset which was discovered by the Trustee after the bankruptcy case closed, F&S necessarily spent time researching violations of the automatic stay and judicial estoppel and litigating motions filed to modify the stay. In connection with these services, F&S expended 16.3 hours and incurred $4,862.50 in fees during the Application Period.

(d) <u>State Court Complaint</u> – The services under this task consisted of overseeing and reviewing the medical malpractice litigation in state court. In connection with these services, F&S expended 16.2 hours and incurred $4,262.50 in fees during the Application Period.

(e) <u>Motion for Allowance of Administrative Claim</u> - The services under this task consisted of reviewing Debtor's counsel's motion for administrative claim and negotiating with Debtor's counsel regarding the motion. F&S appeared before the bankruptcy court at hearings on Debtor's motion for administrative claim. In connection with these services, F&S expended 10.2 hours and incurred $2,887.50 in fees during the Application Period.

(f) <u>Late Filed Claims and Surplus Estate</u> - The services under this task consisted of informing Debtor's creditors of a surplus estate and consulting with Debtor's counsel thereon. In connection with these services, F&S expended 5.3 hours and incurred $1,337.50 in fees during the Application Period.

(g) <u>Motion to Approve Settlement</u> - The services under this task consisted of filing a motion to approve settlement for the medical malpractice claim, reviewing medical liens associated therewith, and appearing in court for hearing on the motion to approve settlement. In connection with these services, F&S expended 6.0 hours and incurred $2,212.50 in fees during the Application Period.

  (h) <u>Application for Compensation</u> – The services under this task consisted of preparation of this Application in connection with the Trustee's Final Report in this case. In connection with these services, F&S expended 3.7 hours and incurred $1,112.50 in fees during the Application Period.

22. <u>Local Rule 5082-1(B)(1)(c)</u> – By this Application, F&S seeks compensation of $1,112.50 for 3.7 hours of legal services in connection with the preparation of this Application.

23. <u>Local Rule 5082-1(B)(1)(d)</u> – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work is attached as **Exhibit C**.

24. <u>Local Rule 5082-1(B)(1)(e)</u> – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

25. <u>Local Rule 5082-1(B)(1)(f)</u> – This is the first and final Application filed by F&S for compensation and reimbursement of expenses.

26. <u>Local Rule 5082-1(B)(1)(g)</u> – F&S seeks the reimbursement of actual, necessary out of pocket expenses totaling $92.84. Invoices evidencing these expenses are attached hereto as **Exhibit E**.

27. All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Trustee in this case, and were specifically allocated to the Trustee's case. None of the expenses represents general overhead or other expenses unrelated to this case.

28. <u>Local Rule 5082-1(B)(2)</u> – F&S seeks the allowance and payment of compensation of $21,750.00 for 74.6 hours of legal services rendered to the Debtor and reimbursement of expenses of $92.84 incurred in connection with those services during the Application Period.

7

## DETAILED STATEMENT OF SERVICES
*(LOCAL RULE 5082-1(C))*

29.     The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

30.     The time detail attached as **Exhibit C** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and activities that match the narrative descriptions in this Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

## BASIS FOR RELIEF

31.     Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

8

32.     The compensation sought by F&S in this Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

33.     In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair and reasonable.

34.     F&S prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, F&S is also entitled to receive compensation for the preparation of this Application. *Pettibone*, 74 B.R. at 304.

35.     Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Estate. All services performed by F&S and all expenses incurred were reasonable and necessary and for the benefit of the Debtor's bankruptcy estate.

36.     F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## **NOTICE**

37.     F&S has provided at least twenty-one days' notice of this Application to all parties registered with CM/ECF in this case, including Debtor, Debtor's counsel, and the Office of the United States Trustee. Additionally, F&S has served a notice of hearing on this

9

Application along with a Notice of Hearing on the Trustee's Final Report by first class U.S. mail on all creditors who have filed claims in this case, which identifies F&S as the applicant, states the amounts requested in the Application, and provides contact information for any party to request a copy of the Application free of charge.

WHEREFORE, Figliulo & Silverman, P.C. respectfully requests that this Court enter an order:

(a) Granting the relief requested in this Application;

(b) Granting F&S's request to limit notice as set forth above and finding that the Notice of the Hearing on this Application was sufficient;

(c) Allowing F&S final compensation in the amount of $21,750.00 for the legal services to the Trustee between November 4, 2014 through May 26, 2017;

(d) Allowing final reimbursement of expenses in the amount of $92.84;

(e) Authorizing and directing the Trustee to pay to F&S $21,750.00 as compensation for the legal services rendered to the Trustee, and reimbursement of expenses in the amount of $92.84 between November 4, 2014 through May 26, 2017; and

(f) Granting such other relief as this Court deems necessary or appropriate.

Dated: July 7, 2017                          Respectfully submitted,

**FIGLIULO & SILVERMAN, P.C.**

By: /s/ *Michael K. Desmond*

Michael K. Desmond (IL #6208809)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street, Suite 3600
Chicago, Illinois 60603
(312) 251-4600